**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

MAY 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> JOSEPH L. GARCIA, <br><br> Defendant - Appellant. | No. 24-3708 <br><br> D.C. No. 2:13-cr-00071-JLR-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted May 20, 2025[**]
Seattle, Washington

Before: GOULD, TALLMAN, and CHRISTEN, Circuit Judges.

Joseph L. Garcia appeals the district court's revocation of his supervised

release and the sentence imposed upon revocation. We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. Defendant's waiver of his right to contest supervised release violations at a revocation hearing is proper if the waiver is "knowing, intelligent, and voluntary" given the totality of the circumstances in the record. *United States v. Stocks*, 104 F.3d 308, 312 (9th Cir. 1997); *see Moran v. Burbine*, 475 U.S. 412, 421 (1986).

2. Garcia's waiver was voluntary. Nothing in the record shows that Garcia's waiver was caused by "intimidation, coercion, or deception." *Moran*, 475 U.S. at 421. By contrast, the district court asked Garcia twice at the revocation hearing whether, in admitting to the violations, Garcia understood the violations he was admitting. The district court ensured that Garcia freely admitted the violations and waived his right to an evidentiary hearing.

3. Garcia's waiver was knowing and intelligent. First, the record shows that Garcia knew "the nature of the right being abandoned." *See id.* At his initial hearing, Garcia was advised of his right to contest the violations in an evidentiary hearing "where the Government would have to show that the[] violations occurred," and Garcia said he understood that right. Garcia also submitted a memorandum a week before the revocation hearing stating that he would admit four violations with an explanation in exchange for the U.S. Probation Office withdrawing three violations. In that memorandum, Garcia asked for an evidentiary hearing on the remaining two disputed violations but stated that "[t]he

parties are striving to resolve these allegations so the evidentiary hearing is tentative at this point and will be brief if conducted." Based on that memorandum, Garcia understood that he had a right to a revocation hearing if the parties did not resolve the alleged violations. *See id*.

Second, the record shows that Garcia knew "the consequences of the decision to abandon" his right to an evidentiary hearing. *See id.* The government stated the maximum penalty for the violations at both the initial hearing and at the revocation hearing. Garcia's counsel also told the district court that "with consultation with Mr. Garcia," the parties and the U.S. Probation Office had reached an agreement to withdraw four violations in exchange for Garcia admitting five violations with explanation. Because "criminal defendants are bound by the admissions of fact made by their counsel in their presence and with their authority," *United States v. Hernandez-Hernandez*, 431 F.3d 1212, 1219 (9th Cir. 2005), Garcia understood he was abandoning his right to the evidentiary hearing in exchange for the withdrawal of four violations, *see Moran*, 475 U.S. at 421.

Although Garcia initially was confused about which violations he was admitting, the district court paused the hearing to give Garcia time to consult with counsel and "[t]ake a look" at the specific violations. After consulting his counsel, Garcia admitted the violations. Although the record does not specify what Garcia reviewed with his counsel, it is reasonable to conclude that Garcia reviewed the

alleged violations because his explanations later in the hearing match the violations he admitted.

We affirm that Garcia's waiver of his right to contest the violations at the revocation hearing was knowing, intelligent, and voluntary. *See Stocks*, 104 F.3d at 312.

4.    Garcia contends that "[t]he district court did not advise [him] of his right to call witnesses and cross-examine adverse witnesses." But because Garcia admitted the violations and waived the evidentiary hearing, the district court was not required to advise Garcia of the Federal Rule of Criminal Procedure 32.1(b)(2)'s requirements.

**AFFIRMED.**